UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN FITZGERALD ENGLISH,

    Petitioner,

v.

CASE NO. 2:07-CV-11005
HONORABLE JOHN CORBETT O'MEARA

SHIRLEE HARRY,

    Respondent.
                                                   /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE
TO PROCEED IN FORMA PAUPERIS ON APPEAL**

John Fitzgerald English ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus challenging his 1983 convictions for first-degree felony murder and possession of a firearm during the commission of a felony for which he was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years imprisonment. In his pleadings, Petitioner raises several claims of error including challenges to the trial court's factual findings and legal determinations, the consideration of lesser included offenses, and the effectiveness of trial and appellate counsel.

This matter is before the Court on Respondent's motion to dismiss the habeas petition as untimely. For the reasons set forth, the Court grants Respondent's motion and dismisses the petition for writ of habeas corpus for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

1

## I. Facts and Procedural History

Petitioner was convicted of first-degree felony murder and possession of a firearm during the commission of a felony following a bench trial in the Oakland County Circuit Court in 1983. His convictions arise the death of a party store owner following a robbery on May 10, 1983 in Oakland County, Michigan. Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions and sentence. *People v. English*, No. 76647 (Mich. Ct. App. June 6, 1985) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. English*, No. 76946 (Mich. Dec. 17, 1985) (unpublished).

On July 17, 1992, Petitioner filed a motion for relief from judgment in the trial court, which was denied on August 13, 1992. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. English*, No. 172468 (Mich. Ct. App. June 16, 1994) (unpublished). Petitioner apparently did not appeal this decision to the Michigan Supreme Court.

In March, 2004, Petitioner filed a second motion for relief from judgment in the state trial court essentially raising the same claims contained in the instant habeas petition, which was denied on March 17, 2004. Petitioner's request for reconsideration was denied on April 5, 2004. Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. English*, No. 260891 (Mich. Ct. App. Aug. 16, 2005) (unpublished). Petitioner's motion for reconsideration was denied on October 14, 2005. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. English*, 474 Mich. 1083, 711 N.W.2d 57 (March 27, 2006).

Petitioner dated his federal petition for writ of habeas corpus on March 1, 2007 and it

was filed by the Court on March 8, 2007. Respondent filed the instant motion to dismiss on September 17, 2007 asserting that the habeas petition is untimely. Petitioner has not filed a reply to the motion.

## II.     Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, governs the filing requirements for this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA establishes a one-year limitations period for the filing of federal habeas petitions. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final before the AEDPA's April 24, 1996 effective date.

Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003). Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his (second) state court motion for relief from judgment until 2004. Thus, the one-year grace period had expired well before Petitioner sought state post-conviction or collateral review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state court proceedings, instituted in 2004, did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the state created an impediment to the filing of his habeas petition, nor does he allege or establish that his habeas claims are based upon newly-discovered facts or newly-recognized constitutional rights. His habeas action is thus untimely under the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. *See Dunlap v.*

*United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming but not deciding that equitable tolling applies to federal habeas actions); *see also Jurado*, 337 F.3d at 642; *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). In *Dunlap*, the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

Petitioner has not set forth any circumstances which caused him to institute his state court motion for relief from judgment after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The United States Court of Appeals for the Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. §

2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Knickerbocker v. Wolfenbarger,* 212 Fed. Appx. 426 (6th Cir. 2007). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, _ U.S. _, 126 S. Ct. 2064, 2077 (2006) (reiterating that a federal habeas court must consider all the evidence, new and old, exculpatory and inculpatory, in determining an actual innocence exception to a procedural bar). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing of actual innocence. Petitioner has failed to demonstrate that he is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.

## III.     Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition. Respondent's motion to dismiss shall therefore be granted and the petition dismissed.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

6

constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted. The Court shall also deny Petitioner leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date: October 31, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 31, 2007, by electronic and/or ordinary mail.

                                                    s/William Barkholz
                                                    Case Manager